FILED
OCT 25 2016
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IRA JEROME BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>DENTON MATTHEWS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 16-0815 (UNA)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

The plaintiff has been detained at the Charleston County Detention Center upon his arrest on November 10, 2015, on charges of first degree burglary and possession of a firearm during a violent crime. Compl. at 3. It appears that the plaintiff remains in custody because he cannot afford bond. *Id.* at 4. The plaintiff brings this action against the presiding judge, the prosecutor, and his public defender for alleged "willful deprivations of constitutional rights." *Id.* at 2. He demands dismissal of the criminal charges against him, expungement of his criminal record, and damages of $1.5 million. *Id.* at 5.

The Court presumes that plaintiff proceeds under 42 U.S.C. § 1983 and dismisses the complaint because it fails to state a claim upon which relief can be granted. Judge Gosnell enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Solicitor Matthews, the prosecutor, also enjoys absolute immune from a suit for damages. *See Imbler v. Patchman*, 424 U.S. 409, 427 (1976). And Ms. Van Pala in her capacity

7

as "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see Rice v. District of Columbia Pub. Def. Serv.*, 531 F. Supp. 2d 202, 204 (D.D.C. 2008).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: 10/24/2016

_____
United States District Judge